UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:09-0172-05 |
| --- | --- | --- |
|  |  | CIVIL NO. 6:14-2188 |
| VERSUS | * | JUDGE HAIK |
| TY ANTHONY WILLIAMS | * | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Before the court is  is the Motion to Correct Illegal Sentence filed by petitioner, Ty Anthony Williams, pursuant to 28 U.S.C. § 2255. [rec. doc. 366].  This matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

The record reveals that on June 1, 2010, petitioner pled guilty to conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. [rec. docs. 177 and 178].

Petitioner appeared for sentencing on November 8, 2010, at which time petitioner was deemed a career offender, but was sentenced to a below Guidelines-range sentence of two hundred forty months imprisonment.  [rec. docs. 237, 239 and 268, pg. 4-5, 12, and 16-18].

On March 8, 2012, petitioner's conviction and sentence were affirmed on direct appeal by the United States Fifth Circuit Court of Appeals.[1] [rec. doc. 346, *United States*

---

[1] On direct appeal, petitioner argued that the government failed to properly support the predicate convictions used to deem petitioner a career offender under the Sentencing Guidelines.

*v. Williams*, 436 Fed. Appx. 461 (5th Cir. 2012)]. Petitioner did not seek further direct review in the United States Supreme Court.

The instant Motion was signed on June 19, 2014, postmarked June 20, 2014 and filed by the Clerk of this Court on June 23, 2014. Petitioner asserts that his counsel was ineffective at sentencing by failing to object to the use of petitioner's prior 1998 state conviction which allegedly caused him to be sentenced as a career offender, thereby subjecting him to plain error review on direct appeal.

Petitioner acknowledges that his Motion has been filed over one year from the date his conviction became final. However, he alleges that his Motion should be deemed timely by application of equitable tolling. [rec. doc. 366, ¶ 18].

## LAW AND ANALYSIS

**Untimeliness of the Instant Motion**

Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant to § 2255. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on June 8, 2012, when the ninety day period for filing a petition for certiorari in the United States Supreme Court expired. *See United States v. Gamble,* 208 F.3d 536, 537 (5th Cir. 2000). Petitioner therefore had one year, or until June 8, 2013 to file his § 2255 Motion in this Court. The instant Motion was not filed until, at the earliest, June 19, 2014.² Thus, it is clear that petitioner's claim cannot be considered under the period

---

² Petitioner signed his Motion on June 19, 2014. Accordingly, the Court has given petitioner the benefit of the "mailbox" rule.

established by 28 U.S.C. § 2255(f)(1). Rather, petitioner must rely on one of three statutory exceptions to the general rule which can, in appropriate cases, extend the time for filing a § 2255 motion beyond the one-year period after final conviction. *See* 28 U.S.C. § 2255(f)(2)(3) and (4).

Petitioner does not claim that the Government created an impediment to filing his motion, that the Supreme Court recognized a new right made retroactively applicable to cases on collateral review or that his claims rely on the newly discovered facts which could not have been discovered through the exercise of due diligence. Thus, subsections (2), (3) and (4) are inapplicable.

Rather, petitioner argues that his Motion should be considered timely by application of equitable tolling. The Fifth Circuit has held that the statute of limitations in § 2255 may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) *quoting Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).[3] The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005). Likewise, the Fifth Circuit has held that in order

---

[3] The Fifth Circuit has noted that because the limitations provisions for § 2254 and § 2255 are nearly identical and the actions are similar, it is proper to read them in *pari materia*. Hence, the Fifth Circuit has relied upon case law interpreting the provisions applicable to § 2254 petitions when interpreting the provisions applicable to motions under § 2255. *Patterson,* 211 F.3d at 930; *Flores*, 135 F.3d at 1003, fn 7. Thus, the undersigned has referred to cases involving the provisions applicable to both § 2255 and § 2254 in this analysis.

for equitable tolling to apply, the applicant must diligently pursue his relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). The burden of proof concerning equitable tolling is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not so extraordinary as to provide a basis for equitable tolling. Moreover, even if they were, the petitioner has not shown that any extraordinary circumstances prevented him from timely filing his federal *habeas* claim or that he pursued his rights diligently. To the contrary, the record reveals that petitioner was aware of his counsel's alleged failure to object during his 2010 sentencing and the application of plain error review by the Fifth Circuit when it rendered its decision on direct appeal in 2012. However, petitioner waited over two years after his conviction and sentence became final to file his § 2255 motion in which he asserts this claim for relief. Moreover, he did not file the instant petition until over one year after the limitation period had run. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 403 *citing Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). That is the case herein. Accordingly, petitioner is not eligible for equitable tolling.

For the foregoing reasons, the undersigned finds that Ty Anthony Williams' § 2255 Motion to Correct Illegal Sentence should be denied and dismissed because petitioner's claim is barred by the one-year limitation period.

Accordingly, **IT IS RECOMMENDED** that Ty Anthony Williams' Motion to Correct Illegal Sentence filed pursuant to Title 28 U.S.C. § 2255 [rec. doc. 366] be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on**

**whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana July 10, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RTH
On: 7/14/2014
By: MBD