# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:09-CR-00172-05** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TY ANTHONY WILLIAMS (05)** | **MAGISTRATE JUDGE HANNA** |

## RULING

Before the Court is Joint Motion Agreeing to Eligibility for First Step Act Sentence Reduction. [Doc. No. 508]. Pursuant to the motion, the United States and Defendant Ty Williams agree Williams is eligible for reduced term of imprisonment under section 404 of the First Step Act. *Id.* at 2; *see also* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). For the reasons set forth below, the motion is GRANTED.

On June 1, 2010, Williams pleaded guilty to conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846. [ECF No. 177]. Williams faced a statutory sentencing range of ten years to life in prison.[1] [ECF No. 178-1; ECF No. 268 at 7-8, 10]. His sentencing guideline range was 262 to 327 months imprisonment. [ECF No. 268 at 12]. Williams was ultimately sentenced to 240 months incarceration, to be followed by a five-year term of supervised release. [ECF No. 239]. Thereafter, the statutory penalties applicable to Williams' offense were amended by Section 2 of the Fair Sentencing Act of 2010, and Williams' sentence has not been reduced in accordance with those amendments. *See e.g. United States v. Jackson*, 945

---

[1] Counsel state Williams' statutory sentencing range was twenty years to life, due to the filing of a notice of enhanced penalty pursuant to 21 U.S.C. § 851. [ECF No. 508 at 1]. While the government did file a § 851 notice, it agreed not to seek an enhanced penalty as part of the plea agreement. [ECF No. 178-1; ECF No. 268 at 7-8, 10]. Accordingly, Williams' statutory sentencing range was ten years to life.

F.3d 315, 320 (5th Cir. 2019)). Accordingly, the Court finds Williams is eligible for relief under the First Step Act.

In determining the appropriate sentence reduction, the Court has considered the statutory sentencing range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson* at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 956 F.3d 355, 357 (6th Cir. 2020). Williams statutory sentencing range is now zero to twenty years.[2] His revised guideline range is 151 to 188 months imprisonment.

As to the nature and circumstances of the offense, it is a non-violent narcotics offense involving the sale of cocaine and cocaine base. There is no indication in the Presentence Investigation Report ("PSR") that Williams engaged in any violent acts during the course of the conspiracy. As to the history and characteristics of this defendant, while the Court notes Williams does have a lengthy criminal history, the majority of his offenses occurred when he was in his twenties. Williams' criminal history primarily involves narcotics offenses, although the Court notes he was convicted of simple battery at age twenty, and of battery of a police officer at age twenty-four. [PSR at 9-10].

Williams is now almost forty-five years old. His projected release date is September 2, 2026.[3] Williams has been incarcerated for this offense for almost eleven years. While in BOP

---

[2] Counsel state Williams' statutory sentencing range is now zero to thirty years due to the filing of the § 851 notice. [ECF No. 508 at 1-2]. However, as noted *supra* at n.1, the government ultimately agreed not to seek an enhanced penalty as part of the plea agreement. [ECF No. 178-1; ECF No. 268 at 7-8, 10]. Accordingly, Williams' revised statutory sentencing range is now zero to twenty years. *See* 21 U.S.C. § 841(b)(1)(C).

[3] *See* https://www.bop.gov/inmateloc/ (last visited August 3, 2020).

custody, Williams has worked diligently toward earning his GED. He has taken numerous educational courses (including drug education and parenting courses), in furtherance of his rehabilitation. Williams maintains close ties to his family and has a wife and five children. While in BOP custody, he has had only two disciplinary infractions.[4]

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to time served, effective September 2, 2020, is sufficient but not greater than necessary to comply with the purposes of sentencing, subject to the additional special condition of supervised release that for the first six months of supervised release, Defendant must reside at the CINC II Halfway House in Lake Charles, Louisiana.[5] The Court finds such a sentence is a substantial prison term, commensurate with the crimes Williams committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. Accordingly,

IT IS HEREBY ORDERED that the Joint Motion Agreeing to Eligibility for First Step Act Sentence Reduction [ECF No. 508] is GRANTED, and the Court will issue an amended judgment reducing Defendant's term of incarceration to TIME SERVED, effective September 2, 2020, and imposing a special condition of supervised release that immediately upon release from the custody

---

[4] In 2017, Williams was disciplined for refusing to obey an order and being insolent to staff. In 2016, he was disciplined for interfering with staff. [ECF No. 508-3].

[5] The sentencing court deviated approximately 8.5% below the bottom of the guidelines. If this Court did the same, or even if it merely reduced Williams' sentence to 151 months (the bottom of his revised guideline range), with good conduct time, Williams would be past his release date as of this writing.

of the Bureau of Prisons, Defendant must reside at the CINC II Halfway House in Lake Charles, Louisiana for a period of six (6) months.

Except as modified in this paragraph, all other provisions of the Judgment imposed on November 8, 2010 [ECF No. 239] REMAIN in effect.

In light of the foregoing, Williams' *pro se* Motion for Compassionate Release [ECF No. 502] is DENIED AS MOOT.

SIGNED this 4th day of August, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE